**Bernard SZYMCZAK, Plaintiff,**

v.

**JONES & LAUGHLIN STEEL CORPORATION, Defendant.**

**Civ. A. No. 84–1058.**

United States District Court,
W.D. Pennsylvania.

Aug. 7, 1985.

James R. Duffy, Pittsburgh, Pa., for plaintiff.

John C. Unkovic, Reed, Smith, Shaw & McClay, Pittsburgh, Pa., for defendant.

## OPINION

GERALD J. WEBER, District Judge.

This is an action based primarily on plaintiff's claim of age discrimination against his former employer. The complaint contains two other counts governed by state law: one invokes the Pennsylvania Human Relations Act, and another which we construe as alleging common law fraudulent misrepresentation. Discovery has been completed and pretrial narratives have been filed. We now address defendant's motion for summary judgment. The facts describing Mr. Szymczak's separation from Jones & Laughlin Steel Corporation ("J & L") are not in dispute. We must decide whether these facts support a claim of discrimination under the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq.

### A. FACTUAL BACKGROUND

Plaintiff was employed at J & L's Pittsburgh Works from September 1943 to October 1982. Until April of 1982 he held the position of General Sampler. This job involved collecting samples of molten steel from the company's electric furnaces for laboratory analysis. On April 30, 1982, J & L shut down its electric furnaces for an indefinite period of time, resulting in layoffs of 780 employees. This number included plaintiff and all the twenty other members of his "seniority unit." Under the party's collective bargaining agreement, employees who were laid off or expected to be laid off for six months would be reassigned to other areas of the plant to replace workers with less seniority. The most senior laid off employees would be reassigned first. *See* Defendant's Motion for Summary Judgment, Exhibit 1, § 13L.3. and .4.

In early October 1982, J & L began reassigning workers laid off during the April shutdown. Eleven employees were called back at that time in order of seniority. The first seven went to the Rolling Mills. The next four, including plaintiff, were reassigned to the By-Products Department. In his brief, plaintiff characterized his new job as "heavy in nature". He did not believe he could perform his duties in the By-Products Department because of a long-standing back condition which was commonly known to those acquainted with him. *See* Plaintiff's Opposing Brief, Mahr Affidavit. He ultimately elected to retire on October 31, 1982. He now contends that the company's actions were taken to thin the ranks of the older workers.

### B. ANALYSIS OF THE PRIMA FACIE CASE

As we described in *Pierce v. New Process Company*, 580 F.Supp. 1543 (W.D. Pa.1984), *aff'd.* 749 F.2d 27 (3d Cir.1984),

the plaintiff in an age discrimination action must establish four elements to make out a prima facie case. This accomplished, he is entitled to a rebuttable presumption of discrimination. Plaintiff must show that he (1) is in the protected age group; (2) was the subject of an adverse employment action; (3) was qualified for the position in question; and (4) was treated less favorably than younger employees. In short, plaintiff must prove that age was "a determinative factor" in an adverse decision concerning his employment. *Duffy v. Wheeling-Pittsburgh Steel Corp.,* 738 F.2d 1393, 1394 (3d Cir.1984). We find that plaintiff has not carried this burden.

■ After establishing that he is in the protected class, Mr. Szymczak cannot satisfy any other elements of the prima facie case. His failure to make out a claim stems principally from the twist that distinguishes this case from the typical ADEA suit. A federal age discrimination case usually involves an employee who has been demoted or has lost his job. Plaintiff here alleges that his employer discriminated against him because of the procedure it followed in *providing* him with a job.

Plaintiff's argument is plausible in the abstract: an older worker is given a job he cannot perform to force his exit from the company. But in being provided a job, he is one step removed from cases where the plaintiffs were demoted or lost jobs. This adds to the burden of proving not only discriminatory motive, but that the action was adverse or that the company intended to discharge him at all. As a matter of course, we find it difficult to believe that firms which discriminate on the basis of age would carry out their scheme by offering other jobs to their targets. Under these circumstances, plaintiff fails to sustain the burden of proof necessary to establish his prima facie case.

We have difficulty accepting the contention that plaintiff was the victim of an adverse employment decision. He does not propose that the April 1982 layoff was discriminatory; this action was plant-wide and touched 780 workers. He argues that his call back from layoff was adverse because defendant knew or should have known that he was physically incapable of performing the job in the By-Products Department. After complaining of his dilemma, he was forced into retirement on account of his age.

This claim lacks any support. First, plaintiff sheds no light on any discriminatory motive because he has not shown that he actually might be incapable of performing the job. He has failed to distinguish the duties of a General Sampler from those of a By-Products worker except in conclusorily referring to the former as "predominantly light work" and the latter as "heavy in nature". *See* Plaintiff's Opposing Brief, Mahr Affidavit. He has failed to set forth the extent of his back injury apart from stating that he has worn a brace since 1974. He did state that he has not received treatment for his back condition since 1974 and that he has not missed any work because of it. Plaintiff's Deposition at 43–45. But we have no idea how limiting plaintiff's condition is, or whether a person of his abilities can or cannot perform the duties of a By-Products worker.[1]

Second, we must consider the issue of relevance. Had evidence of plaintiff's back condition been submitted, it might show a bias against workers with physical limitations. But it would not help prove that age was related to any of defendant's actions.

Ultimately, plaintiff's case falls for lack of this relationship. The October 1982 call back was conducted under the procedures set forth in the collective bargaining agreement.[2] Section 13L.4. provides:

---

1. Mr. Szymczak has alleged that defendant's doctor conducted a superficial medical examination in investigating his suitability for the By-Products job, not even examining his back. Assuming this is true, plaintiff does not describe how this treatment is related to his age.

2. The ADEA expressly approves the operation of bona fide seniority systems. 29 U.S.C. § 623(f)(2).

In the event of a ... layoff of one or more employees for a period which extends for six months or more or which the parties believe will extend for such a period, an employee affected who has two or more years of plant continuous service at time of layoff shall be given the right to a job in any seniority pool in the plant if a job in that pool is held by an employee with less plant service provided he is qualified to perform the job. Such assignments to jobs shall be subject to the same rules as apply in Subsection L–3 above.

The subsection immediately preceding states:

Where practicable, ... Management will make a reasonable effort to assign, on the basis of plant continuous service, an employee laid off from his seniority unit to a pool job he prefers which is not held by an employee of that unit. However, Management shall have the right, to the extent necessary, to designate the specific job in any pool to which an employee shall be assigned (and to change such assignments) in order to provide jobs for longer-service employees who would otherwise be unable to qualify for an available job in the pool.... The local parties may by agreement determine whether there are circumstances under which an employee need not accept a pool job.[3]

Section 13L.3. *See* Defendant's Motion for Summary Judgment, Exhibit 1.

The company thus may consider an employee's preferred position for reassignment, but is not obligated to reassign by choice. The actual call back was made in order of most seniority according to these provisions. We see no evidence of younger employees being treated more favorably or the presence of age as a factor in any of these decisions.

There is no dispute that plaintiff's job as General Sampler was eventually filled by a younger man. *See* Plaintiff's Opposing Brief, Mahr Affidavit. This occurred three months after plaintiff retired, however, when J & L decided to reopen its chemistry lab. Seventy-nine employees had been called back to the Rolling Mill and By-Products Department during this time. Any link between such a broad business decision to a scheme of discrimination—in light of J & L's other actions regarding the layoff and call back—is too remote to be given weight.

Plaintiff contends that J & L acted arbitrarily in invoking the terms of its labor contract under which he was reassigned. He supports this only by alleging that less senior employees were assigned to jobs that he was physically able to perform. Defendant acted consistently with the specifically applicable terms of the labor agreement, however, and plaintiff has submitted no evidence about his physical limitations. Under those conditions, we would hesitate to label these acts arbitrary absent evidence that sections 13L.3. and 4. were without precedent or were intended to apply to circumstances other than those before us now.

Finally, plaintiff argues that the procedures defendant followed are simply pretext to hide discrimination. All other evidence refutes this claim. J & L applied valid labor provisions in executing the call back. It called back employees in order of seniority. There is no evidence that younger employees were treated more favorably in the call back or reassignment. Plaintiff retired and was not terminated, although he claims this was involuntary. He did not file a grievance even though his labor contract provides for special considerations of disputes concerning reassignment. Defendant may have been insensitive to his physical abilities in conducting the reassignment, but this does not forge an adequate link between the company's action and an age bias which would entitle plaintiff to relief under the ADEA. Accordingly, we find no violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*

---

**3.** We believe the last sentence quoted applies particularly to this case. If physical limitations actually prevented plaintiff from performing the By-Products job, he was entitled to pursue a remedy through his union.

which plaintiff pleaded in his complaint. We will grant defendant's motion for summary judgment.

Plaintiff's two remaining counts rely on state law. We need not consider them for two reasons. First, absent the ADEA claim this court has no jurisdiction over plaintiff's action. Second, plaintiff apparently has abandoned these claims by confining his brief to the ADEA claim and stating that "preservation of the ADEA count and remedy thereunder will provide plaintiff with complete relief." Opposing Brief at 4.

### ORDER

Defendant's motion for summary judgment is GRANTED and the case is hereby DISMISSED.